IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                Criminal No. 3:15CR61

TROY ALEXANDER CLANTON, JR.,

**MEMORANDUM OPINION**

Troy Alexander Clanton, Jr., a federal inmate proceeding <u>pro se</u>, submitted this 28 U.S.C. § 2255 Motion. For the reasons set forth below, the § 2255 Motion will be denied.

## I.  FACTUAL AND PROCEDURAL HISTORY

The grand jury charged Clanton with bank robbery (Count One) and brandishing a firearm in furtherance of a crime violence, to wit, the bank robbery charged in Count One (Count Two). (ECF No. 9, at 1-2.) On May 18, 2015, Clanton pled guilty to Counts One and Two. (ECF No. 16, at 1.)

By Order entered on July 23, 2015, the Court granted Valencia Roberts's motion to withdraw as counsel. (ECF No. 22.) The Court appointed Kenneth C. Chrisman to represent Clanton. (ECF No. 23.) On September 8, 2015, after extensive interviews and research, Mr. Chrisman concluded that he would not be able to file a motion to withdraw Clanton's guilty plea and the matter would need to be set for sentencing. (ECF No. 28.) On December 11, 2015, the Court sentenced Clanton to sixty-three months on Count One to be followed

by a consecutive sentence of eighty-four months on Count Two. (ECF No. 40, at 2.)

On December 27, 2016, Clanton filed the present § 2255 Motion.[1] (ECF No. 54.) The Court deems Clanton to raise the following claims for relief:[2]

Claim One: Clanton failed to receive the effective assistance of counsel because counsel failed to file an appeal. (§ 2255 Mot. 4.)

Claim Two: Clanton failed to receive the effective assistance of counsel because counsel failed to research and advise Clanton of the decision of Johnson v. United States, 135 S. Ct. 2551 (2015) prior to encouraging Clanton to enter a guilty plea. (Id.)

---

[1] The Court corrects the capitalization, spelling, emphasis, and punctuation in the quotations from Clanton's submissions.

[2] The sum of Clanton's allegations are as follows:

Ineffective Assistance of Counsel
(1) District Court counsel did not timely note direct appeal; (2) District Court Chrisman did not research relevant case law because I plead guilty in May 2015, Johnson was decided in June 2015. I tried to withdraw my guilty [plea]; (3) Chrisman did not raise any Johnson issues at sentencing Dec. 2015; (4) My public defender did not research Johnson and advise me; (5) I wanted to withdraw my plea.
Conviction void under Johnson
(1) plead before Johnson, sentenced after Johnson.
Conviction obtained by plea of guilty which was not made with understanding of the nature of the charge and the consequences of my plea.
(1) was not advised of possible Johnson case at time of making my plea on May 2015 at which time argument had been made and the Supreme Court had not ruled, was not advised to wait.

(ECF No. 54, at 4.)

2

Claim Three: Counsel did not raise arguments related to Johnson at Clanton's sentencing. (Id.)

Claim Four: Clanton's guilty plea was not knowing and voluntary because Clanton was not advised of Johnson. (Id.)

By Memorandum Order entered on May 23, 2017, the Court directed Clanton, within fourteen (14) days of the date of entry thereof, to file with the Court copies of any records that supported his assertion that he directed counsel to file an appeal and a statement reciting any communications he had with counsel about an appeal. (ECF No. 61, at 1-2.) More than fourteen (14) days elapsed and Clanton did not respond to that Memorandum Order. Accordingly, by Memorandum Order entered on July 26, 2017, the Court dismissed Claim One, wherein Clanton asserted counsel had failed to file an appeal. (ECF No. 62, at 2.) Thereafter, the Government responded to the remainder of Clanton's claims.

## II. ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d

3

577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claims Two through Four, Clanton contends that he was denied the effective assistance of counsel and his guilty plea should be set aside because his was not advised that, in light of the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his crime of bank robbery did not qualify as a valid crime of violence predicate for his § 924(c) conviction. As explained below, because Johnson fails to apply to Clanton's convictions or sentence, Clanton was not prejudiced and counsel did not perform deficiently by failing to pursue the issues Clanton urges here.

In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[3] In Welch v. United States,

---

[3] The ACCA provides that

4

136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

Here, however, Clanton never was subject to a sentence enhancement under the ACCA. Rather, Clanton seeks to extend Johnson to invalidate his conviction under 18 U.S.C. § 924(c)(1)(A), which provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> . . .
> **(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A). Under this section, a "crime of violence" is defined as any felony that

---

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

5

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another [("the Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [("the Residual Clause")].

Id. § 924(c)(3).

The Supreme Court recently determined that its decision in Johnson compels the conclusion that 924(c)(3)'s Residual Clause is invalid. United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Nevertheless, neither Johnson nor Davis exculpates Clanton's conduct. Those cases fail to undermine the longstanding and still prevailing conclusion that bank robbery under 18 U.S.C. § 2113(a) plainly constitutes a crime of violence under the Force Clause, § 924(c)(3)(A). See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016); United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (concluding "bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (quoting 18 U.S.C. § 924(c)(3)(A))). Given these authorities, Clanton fails to demonstrate that counsel performed deficiently or that Clanton suffered prejudice. Specifically, Clanton fails to demonstrate that his guilty plea was not knowing, voluntary, and intelligent. Clanton fails to demonstrate that bank robbery cannot serve as a valid predicate crime of violence

6

for his § 924(c) conviction in Count Two. Further, Clanton fails to demonstrate that the decision in Johnson undermines the validity of his convictions or sentence. Accordingly, Claims Two, Three, and Four will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Clanton's Claims Two through Four will be dismissed. The 28 U.S.C. § 2255 Motion (ECF No. 54) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Clanton and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 31, 2019